81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CIRAULO'S LUCKY PALACE, Plaintiff-Appellant,
v.
CITY OF SAN JOSE, Defendant-Appellee.
 No. 95-15199.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ciraulo's Lucky Palace, Inc. ("Ciraulo's"), a business incorporated in California, appeals from the district court's summary judgment in favor of the City of San Jose ("City") in its 42 U.S.C. § 1983 action in which Ciraulo's alleged that the City violated its rights to due process and equal protection by denying its requests to expand and relocate. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's summary judgment de novo. Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir.), cert. denied, 115 S.Ct. 193 (1994).
 
 
 4
 * Due Process
 
 
 5
 Ciraulo's contends that it was subjected to arbitrary, capricious, unreasonable, and discriminatory regulation in violation of its right to substantive due process. This contention lacks merit.
 
 
 6
 To establish a violation of substantive due process based on governmental action that does not impinge on fundamental rights, "we do not require that the government's action actually advance its stated purposes, but merely look to see whether the government could have had a legitimate reason for acting as it did." Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 66 (9th Cir.1994). If it is " 'at least fairly debatable' " that the decision is rationally related to a legitimate governmental interest, there can be no violation of substantive due process. Kawaoka, 17 F.3d at 1234 (internal quotations omitted).
 
 
 7
 In its motion for summary judgment, the City submitted copies of all City ordinances and City council meeting minutes involving cardrooms since 1972. These documents indicate that Ciraulo's request to relocate implicated a 1992 City ordinance which prohibits a cardroom from relocating except when eminent domain, or the threat of eminent domain, would result in the closing of the cardroom. Ciraulo's argues that the ordinance is arbitrary and discriminatory because it allowed other cardrooms to relocate while denying Ciraulo's that opportunity. Because it is at least fairly debatable that the ordinance is rationally related to the City's legitimate interest in regulating cardrooms, this argument fails. See Wedges/Ledges, 24 F.3d at 66; Boone v. Redevelopment Agency of City of San Jose, 841 F.2d 886, 892-93 (9th Cir.), cert. denied, 488 U.S. 965 (1988).
 
 
 8
 In terms of Ciraulo's request to expand at its present site, the documentation submitted by the City indicates that Ciraulo's request was rejected primarily because of its location in a residential neighborhood. This concern is sufficient to constitute a legitimate governmental interest. See Kawaoka, 17 F.3d at 1236. Because Ciraulo's failed to submit evidence that the City has no legitimate interest in regulating cardrooms, or that the ordinance is not rationally related to this legitimate interest, the district court properly found that summary judgment was appropriate for Ciraulo's substantive due process claim. See id. at 1240.
 
 II
 Equal Protection
 
 9
 Ciraulo's contends that it has been disproportionately and adversely impacted by City efforts to regulate cardrooms, in violation of its right to equal protection. This contention lacks merit.
 
 
 10
 To establish an equal protection claim, a plaintiff must show that its property has been treated differently from similarly situated property. Kawaoka, 17 F.3d at 1240. Unless the distinctive treatment of the plaintiff involves either a fundamental right or a suspect classification, the governmental action need only be rationally related to a legitimate state interest. Del Monte Dunes v. City of Monterey, 920 F.2d 1496, 1508 (9th Cir.1990).
 
 
 11
 First, Ciraulo's failed to establish that the two other cardrooms to which it refers were similarly situated. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995). One cardroom was allowed to relocate based upon the City's ordinance which permitted a cardroom to relocate only in the event of government acquisition. In the case of the other cardroom, the City allowed it to relocate in 1975 and to expand in 1982, before more restrictive ordinances were enacted. Moreover, as discussed above, the record reflects that the City's decision to deny Ciraulo's request to expand was based primarily upon the fact that Ciraulo's is located in a residential neighborhood. Thus, Ciraulo's attempt to define two other cardrooms as similarly situated despite the differences in location and circumstances, is inadequate for purposes of applying an equal protection analysis. See id. at 1187-88.
 
 
 12
 Even if Ciraulo's had shown that the City's policies had a disparate impact on similarly situated groups, summary judgment would still be appropriate because, as discussed above, the City established a rational basis for its actions. See Wedges/Ledges, 24 F.3d at 67. Accordingly, the district court did not err by granting summary judgment for the City on Ciraulo's equal protection claim. See id. at 66-67.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellee's request for attorney's fees in their brief is denied without prejudice to the appellees to request fees in a separately filed motion. See Gabor v. Frazer, No. 94-17133, slip op. 3300, 3302 (9th Cir. Mar. 7, 1991)